Peggy J. NEECE; Buel H. Neece,
Plaintiffs–Appellants,

v.

INTERNAL REVENUE SERVICE of the
UNITED STATES of America; United
States of America; First National Bank
of Turley, N.A., Defendants–Appellees.

No. 89–5125.

United States Court of Appeals,
Tenth Circuit.

Dec. 19, 1990.

James R. Eagleton, E. John Eagleton,
Thomas G. Potts, Charles D. Harrison of
Houston & Klein, Inc., Tulsa, Okl., for
plaintiffs-appellants.

Stuart E. Schiffer, Acting Asst. Atty.
Gen., Tony M. Graham, U.S. Atty., Philip
E. Pinnell, Asst. U.S. Atty., Tulsa, Okl.,
Rodney R. Parker, Lisa S. Farringer, At-
tys., U.S. Dept. of Justice, Washington,
D.C., for defendants-appellees I.R.S. and
U.S.

Joseph R. Farris, Jody R. Nathan of
Feldman, Hall, Franden, Woodard & Far-
ris, Jerry Reed, Atty., Tulsa, Okl., for de-
fendant-appellee First Nat. Bank of Turley,
N.A.

Before McKAY, McWILLIAMS and
EBEL, Circuit Judges.

EBEL, Circuit Judge.

The issue presented by this appeal is
whether a bank can voluntarily turn over
documents to the Internal Revenue Service
(IRS) absent notification to the bank cus-
tomer involved without violating the Right
to Financial Privacy Act (RFPA), 12 U.S.C.
§§ 3401–3422. The RFPA generally pro-
hibits financial institutions from producing
bank records for the IRS except under
closely regulated procedures providing for
notice to the bank customer and an oppor-

tunity for the bank customer to challenge production of the bank records prior to their release to the IRS.[1]

Section 3413 of the RFPA, however, provides a number of exceptions to these disclosure procedures. In particular, section 3413(c) permits "disclosure of financial records in accordance with procedures authorized by Title 26," the Internal Revenue Code, without compliance with RFPA disclosure requirements. Defendants argue that 26 U.S.C. § 7602(a)(1) of the Internal Revenue Code authorizes the IRS to review bank documents informally if the bank voluntarily agrees to cooperate with the IRS. Defendants further argue that because this informal review is authorized by the Internal Revenue Code, the IRS's informal access to bank records based upon the voluntary cooperation of the bank is exempt from the disclosure requirements of the RFPA. We disagree.

## I. FACTS

 In June, 1987, plaintiffs, long-time customers of defendant First National Bank of Turley, N.A. (Bank), mortgaged their homestead to secure further an existing loan with the Bank. In April, 1988, plaintiffs applied for another loan with the Bank, submitting to the Bank a financial statement along with their loan application. The president of the Bank, suspecting plaintiffs of attempting to violate federal tax laws, contacted the IRS. In response, an IRS agent met with the Bank's president, who voluntarily turned over copies of plaintiffs' mortgage, financial statement, and loan application, as well as a copy of a letter from the Bank to plaintiffs denying their loan application.[2]

Plaintiffs asserted that defendants violated the RFPA, in light of the Bank's voluntary relinquishment of plaintiffs' financial records to the IRS. Plaintiffs commenced this action under the RFPA, seeking actual and punitive damages pursuant to 12 U.S.C. § 3417(a). The parties filed cross-motions for summary judgment. The district court denied plaintiffs' motion and granted defendants' motions for summary judgment, determining that the Bank's voluntary cooperation with the IRS was a "procedure" authorized by Title 26 and, therefore, the RFPA excepted the IRS's informal access to the Bank's records from its requirements. Plaintiffs appeal. We review an order granting summary judgment using the same standards employed by the district court under Fed.R.Civ.P. 56(c). *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988).

## II. ANALYSIS

 In 1970, Congress enacted the Bank Secrecy Act, which required banking institutions to maintain records of their customers' financial transactions. *See California Bankers Ass'n v. Shultz*, 416 U.S. 21, 26, 94 S.Ct. 1494, 1500, 39 L.Ed.2d 812 (1974). Congress enacted these recordkeeping requirements because it recognized that records of the financial transactions of bank customers "have a high degree of usefulness in criminal, tax, or regulatory investigations and proceedings." *See id.* (quoting the Bank Secrecy Act, 12 U.S.C. §§ 1829b(a)(2), 1951; 31 U.S.C. § 1051). In

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The Bank argues that the documents it turned over to the IRS were not financial records as defined under the RFPA. We disagree. The RFPA defines financial records as *"any* record held by a financial institution pertaining to a customer's relationship with the financial institution." 12 U.S.C. § 3401(2) (emphasis added).

Defendants further argue that plaintiffs did not have a "customer's relationship" with the Bank as defined in section 3401(5). Section 3401(5) defines a customer as any person who "utilized or is utilizing any service of a financial institution. . . ."

It was undisputed that plaintiffs were long-time customers of the Bank. The mortgage submitted to the Bank by plaintiffs pertained to a previously existing extension of credit by the Bank to plaintiffs. Plaintiffs submitted the 1988 loan application and accompanying financial statement to the Bank in an effort to obtain a further extension of credit. Under these facts, plaintiffs were customers of the Bank for purposes of the RFPA.

1976, the United States Supreme Court determined that a bank customer did not have a constitutionally protected privacy interest in these bank records. *United States v. Miller*, 425 U.S. 435, 436, 440–43, 96 S.Ct. 1619, 1620, 1622–24, 48 L.Ed.2d 71 (1976).

Congress responded to the Supreme Court's determination in *Miller* by enacting the RFPA in 1978. *See* H.R.Rep. No. 1383, 95th Cong., 2d Sess. 34, *reprinted in* 1978 U.S.Code Cong. & Admin.News 9273, 9306; *see also Pleasant v. Lovell*, 876 F.2d 787, 806 (10th Cir.1989). Congress intended the RFPA "to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity" by requiring federal agencies "to follow the procedures established by this title when they seek an individual's records...." H.R.Rep. No. 1383, 95th Cong., 2d Sess. 33, 6 *reprinted in* 1978 U.S.Code Cong. & Admin.News 9273, 9305, 9278; *see also Pleasant*, 876 F.2d at 806. [T]he [RFPA] seeks to strike a balance between customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations.

The title is a congressional response to the Supreme Court decision in *United States v. Miller* which held that a customer of a financial institution has no standing under the Constitution to contest Government access to financial records. The Court did not acknowledge the sensitive nature of these records, and instead decided that since the records are the "property" of the financial institution, the customer has no constitutionally recognizable privacy interest in them.

Nevertheless, while the Supreme Court found no constitutional right of privacy in financial records, it is clear that Congress may provide protection of individual rights beyond that afforded in the Constitution.

H.R.Rep. No. 1383, 95th Cong., 2d Sess. 33–34 *reprinted in* 1978 U.S.Code Cong. & Admin.News 9273, 9305–06.

12 U.S.C. § 3402 of the RFPA specifies the only means by which federal agencies can obtain an individual's records in the possession of third-party recordkeepers such as financial institutions.[3] *See also* 12 U.S.C. § 3403(a) and (b). Section 3402, in conjunction with sections 3404–08, requires notice to be given the individual when a federal agency seeks access to that individual's records, and an opportunity is required to be provided for that individual to challenge the requested disclosure.

Congress, however, included a number of exceptions to these requirements of the RFPA. *See* 12 U.S.C. § 3413. Many of these exceptions pertain to situations where other procedures are already in place to protect an individual's right to privacy in the requested records. *See* H.R. Rep. No. 1383, 95th Cong., 2d Sess. 225–28, *reprinted in* 1978 U.S.Code Cong. & Admin.News 9273, 9356–58. Section 3413(c) follows this pattern. That provision provides that "[n]othing in this chapter prohibits the disclosure of financial records *in accordance with procedures* authorized by Title 26." (Emphasis added.) The legislative history of section 3413(c) confirms that such records are exempt from the RFPA where they are already covered by privacy provisions in the Internal Revenue Code,

---

**3.** § 3402. Access to financial records by Government authorities prohibited; exceptions

Except as provided by section 3403(c) or (d), 3413, or 3414 of this title, no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and—
(1) such customer has authorized such disclosure in accordance with section 3404 of this title;
(2) such financial records are disclosed in response to an administrative subpoena or

summons which meets the requirements of section 3405 of this title;
(3) such financial records are disclosed in response to a search warrant which meets the requirements of section 3406 of this title;
(4) such financial records are disclosed in response to a judicial subpoena which meets the requirements of section 3407 of this title; or
(5) such financial records are disclosed in response to a formal written request which meets the requirements of section 3408 of this title.

12 U.S.C. § 3402.

and particularly, provisions of the Tax Reform Act of 1976: "Administrative summonses issued by the Internal Revenue Service are already subject to privacy safeguards under section 1205 of the Tax Reform Act of 1976 (26 U.S.C. § 7609). Accordingly, they are exempted from the procedures of this bill." H.R.Rep. No. 1383, 95th Cong., 2d Sess. 226, *reprinted in* 1978 U.S.Code Cong. & Admin.News 9273, 9356.

Defendants, however, look to another provision of the Internal Revenue Code, arguing that 26 U.S.C. § 7602(a)(1) authorizes the IRS's informal access to the bank records at issue in this appeal, thus exempting this informal review from the requirements of the RFPA. Section 7602(a) of the Internal Revenue Code provides

> (a) Authority to summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—
>
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to

> give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

Although this section authorizes the IRS to do several things, it does not establish the "procedures" by which those things may be accomplished. For example, section 7602(a)(2) authorizes the IRS to issue summonses to a third-party recordkeeper in order to obtain books and records concerning a taxpayer which are in the possession of that third party. The procedure by which this may be accomplished, however, is provided in 26 U.S.C. § 7609 (the Tax Reform Act of 1976).[4] *Cf. United States v. Mobil Corp.*, 543 F.Supp. 507, 509, 511 (N.D.Tex.1981) (26 U.S.C. § 6001, which requires persons liable for taxes to keep records, must depend on 26 U.S.C. §§ 7602–10 for the procedures by which the IRS may inspect those records).

Defendants' reading of section 7602(a)(1) would largely negate the taxpayers' protections found in the RFPA by giving a financial institution the unilateral power to abrogate those rights if the financial institution decides to cooperate voluntarily with an IRS investigation of one of its customers. We think that is too broad a reading. Literally, section 7602(a)(1) only authorizes the IRS to examine books and records. It gives no guidance concerning from whom the IRS can obtain these records and books or the "procedures" which the IRS must follow in obtaining them. It is obvious that the IRS's right to examine books and records under section 7602(a)(1) is fettered, and that section must be read in harmony with the RFPA.

---

4. Section 7609 itself provides stringent requirements under which the IRS may issue summonses and obtain books and records concerning a taxpayer from a third-party recordkeeper. Congress enacted section 7609 in 1976, after becoming concerned with the IRS's uncontrolled and excessive access to taxpayers' records held by third parties, in an effort to protect taxpayers' privacy rights from unnecessary infringement during the course of IRS investigations. *See* H.R.Rep. No. 658, 94th Cong., 2d Sess. 307, *reprinted in* 1976 U.S.Code Cong. & Admin.News 2897, 3203. Similar to the RFPA, section 7609 requires the IRS to give notice to the taxpayer and provide an opportunity for the taxpayer to challenge the third-party recordkeeper's release of the summoned records prior to the third party's turning the records over to the IRS.

Review of the relevant case law reveals very few cases interpreting the RFPA and, in particular, section 3413(c). In fact, only one case has addressed the exception to the RFPA provided in section 3413(c) as applied to the IRS's informal access to a taxpayer's bank records. *See Raikos v. Bloomfield State Bank,* 703 F.Supp. 1365 (S.D.Ind. 1989).

In *Raikos,* the United States District Court for the Southern District of Indiana determined that 26 U.S.C. § 7602(a)(1) did authorize the IRS informally to obtain a taxpayer's records voluntarily turned over to the IRS by the taxpayer's bank. *Id.* at 1366, 1370–72. Thus, the *Raikos* court determined that section 3413(c) of the RFPA excepted from the RFPA the IRS's informal access to a taxpayer's bank records as a "procedure" authorized under Title 26. *Id.* at 1372. *But see Schneider v. United States,* 1990 W.L. 56181, 1990 U.S.Dist. LEXIS 1780, 90–1 U.S.Tax Cas. (CCH) P50,-182 (S.D.Ohio 1990) (court, in dicta, rejected analysis of *Raikos,* determining that an informal examination of bank records by an IRS agent, without issuance of an administrative summons, "violated the spirit of the [RFPA] by obtaining bank records without notice to the taxpayer and without some type of judicial review in the instance where the taxpayer wishes to challenge the inspection"). We disagree with the result reached in *Raikos* because it fails to consider the impact of that statutory interpretation on the remainder of the RFPA, as well as on section 7609 of the Internal Revenue Code.[5] *Cf. Mobil Corp.,* 543 F.Supp. at 516 (court refused to interpret 26 U.S.C.

§ 6001, requiring taxpayers to keep records, as authorizing IRS inspection of those records, because such an interpretation would frustrate the general congressional purpose underlying 26 U.S.C. §§ 7602–10).

Congress, as a result of its expansion of bank recordkeeping requirements and in light of the usefulness of the records in the prosecution of individuals for the violation of numerous federal laws and regulations, recognized that taxpayers were becoming increasingly vulnerable to IRS prying into taxpayers' records. It was in response to this risk to the privacy rights of taxpayers that Congress enacted these statutory schemes, which provide mechanisms for the protection of the privacy rights of taxpayers in third-party records pertaining to the taxpayer.

A clear reading of both the RFPA and the Tax Reform Act of 1976 indicates congressional intent to establish these mechanisms in order to protect customers' privacy interests with regard to documents of financial transactions which customers must generate and turn over to financial institutions and of which banks, in turn, must keep and maintain records. *See* 12 U.S.C. § 1829b; 31 C.F.R. § 103.31–39 (1990). Whatever general rules may be applicable to third parties possessing documents concerning taxpayers, Congress, in enacting section 7609 in 1976 and the RFPA in 1978, focused specifically on financial institutions as required recordkeepers.

The provisions of the RFPA provide an elaborate mechanism to protect a taxpay-

---

**5.** Plaintiffs seek to distinguish *Raikos* from the situation presented in this appeal by asserting that, while in *Raikos,* the IRS was conducting an ongoing investigation of the taxpayer, in this case, the IRS was not conducting such an investigation of plaintiffs. Plaintiffs rely, in part, on the deposition testimony of the IRS agent that he had informed the Bank that he was not officially investigating plaintiffs.

The authority of the IRS to investigate under section 7602 does not depend on the existence of a tax law violation or even probable cause to believe a tax violation has occurred. *See United States v. MacKay,* 608 F.2d 830, 832–33 (10th Cir.1979). Rather, IRS authority to investigate, pursuant to section 7602, can be likened to the

inquisitorial powers of a grand jury: to "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Powell,* 379 U.S. 48, 57, 85 S.Ct. 248, 254, 13 L.Ed.2d 112 (1964); *see also MacKay,* 608 F.2d at 832; *United States v. Bichara,* 826 F.2d 1037, 1039 (11th Cir.1987).

The IRS had a duty to investigate the tip from the bank official concerning plaintiffs. *See United States v. Harris,* 628 F.2d 875, 879 (5th Cir.1980). Therefore, despite the IRS agent's characterization of the status of the investigation of plaintiffs, plaintiffs have not asserted any facts supporting their assertion that the IRS was not conducting an "ongoing investigation" similar to that occurring in *Raikos.*

er's privacy rights in records kept by third parties. We must protect this mechanism to the extent possible by a rational, common-sense reading of 26 U.S.C. § 7602(a)(1) and 12 U.S.C. § 3413(c) that does not do unnecessary violence to other provisions in the RFPA and the tax code. *See Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249–50, 105 S.Ct. 2587, 2594–95, 86 L.Ed.2d 168 (1985) (rule of statutory construction requires statute to be interpreted so that it does not render another provision a nullity). The interpretation of section 7602(a)(1) and section 3413(c) sought by defendants would not only seriously weaken the taxpayer protections found in the RFPA, as well as 26 U.S.C. § 7609, but, worse, such an interpretation of these statutes would amount affirmatively to misleading taxpayers who otherwise rely on section 7609 and the RFPA in believing that their bank records are secure from IRS intrusion absent notice and an opportunity to challenge IRS access to those records. The defendants' interpretation of these statutes would nullify all these taxpayer rights by the simple expedient of the bank's unilateral—and secret—decision to cooperate with the IRS.

We, therefore, hold that a financial institution and a Government authority, as defined in 12 U.S.C. § 3401(1) and (3) and otherwise bound by the procedural requirements of the RFPA, 12 U.S.C. §§ 3401–3422, are not exempted under 12 U.S.C. § 3413(c) from those procedural requirements merely because the financial institution voluntarily chooses to allow the IRS, pursuant to 26 U.S.C. § 7602(a)(1), to examine financial records pertaining to a taxpayer.

We REVERSE the district court's order granting defendants' motions for summary judgment REMAND for further proceedings consistent with this opinion.[6]

---

**6.** We do not reverse the district court's order denying plaintiffs' motion for partial summary judgment because the record has not yet been adequately developed to enable us to determine whether plaintiffs are entitled to summary judgment. In this regard we note that 12 U.S.C. § 3417(c) provides a financial institution with a good faith defense to a damages action under the RFPA.