**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEITH PEDDIE; CAROLYN D. PEDDIE,
Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE,
Defendants-Appellants,

No. 97-1252

and

TRIAD BANK; BB&T MORTGAGE
CORPORATION, formerly known as
Gate City Federal; COMMERCIAL
CREDIT CORPORATION,
Defendants.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CA-95-792-2)

Submitted: December 9, 1997

Decided: December 19, 1997

Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Gary R. Allen, Ann Belanger Durney, Sally J. Schornstheimer, Sara
S. Holderness, UNITED STATES DEPARTMENT OF JUSTICE,

Washington, D.C., for Appellants. Keith Peddie, Carolyn D. Peddie, Appellees Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The United States appeals from the district court's grant of summary judgment to Keith and Carolyn Peddie in this civil action for damages under the Right to Financial Privacy Act (RFPA).**1** The Peddies claimed that the Internal Revenue Service (IRS) violated the RFPA when it informally requested that several financial institutions voluntarily provide financial records pertaining to the Peddies. While the district court found that 12 U.S.C. § 3413(c) (1994), did not exempt the Government's requests from the notice and procedure requirements of the RFPA, the district court did not address the Government's argument that § 3413(d) also exempted the disclosure of information. Accordingly, we find that the Peddies failed to satisfy their burden of entitlement to summary judgment under FED. R. CIV. P. 56(c). We therefore vacate the district court's order of summary judgment and damages to the Peddies and remand this case for further proceedings.

The IRS, in response to a tip that the Peddies were violating tax laws, solicited copies of Forms 1098 and 1099 (relating to the financial institution's payment of interest and receipt of mortgage interest) issued to the Peddies from three financial institutions for years 1991 and 1992. In requesting the information, the IRS did not use an administrative summons nor did it comply with the disclosure requirements of the RFPA; however, the financial institutions voluntarily turned over the information. The Peddies sued the IRS and the

_____

**1** See 12 U.S.C. §§ 3401-3422 (1994).

2

financial institutions claiming that the IRS's and the financial institutions's actions violated the RFPA.

Without admitting liability, the financial institutions settled the Peddies' claims; however, the Government moved for summary judgment contending that the requests were exempt from the notice requirements of the RFPA. The Peddies also moved for summary judgment based upon the Tenth Circuit's holding in Neece v. IRS, 922 F.2d 573 (10th Cir. 1990). Finding the § 3413(c) analysis of Neece persuasive, the district court granted the Peddies' motion for summary judgment against the IRS and awarded the Peddies statutory damages of $200.2 The Government appeals claiming that Neece was wrongly decided and that in any event § 3413(d) exempts the IRS's request for Forms 1099 and 1098.

This court reviews de novo an award of summary judgment.3 Summary judgment should be granted only when there is no genuine issue of material fact such that a rational factfinder could rule in favor of the non-moving party.4 The existence of a genuine issue turns on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."5 The party opposing summary judgment must offer "specific facts showing that there is a genuine issue for trial."6

In this case, the court granted summary judgment to the Peddies after only addressing the situation of voluntary disclosure of financial information and not where the information was already subject to disclosure by federal law. The district court's analysis focused entirely on whether § 3413(c) exempted the IRS's request and did not address the Government's argument that § 3413(d) exempted the disclosure. According to the Government, the Peddies do not have a cause of action under the RFPA because the financial institutions were

_____

**2** <u>See</u> 12 U.S.C. § 3417 (1994).
**3** <u>See Higgins v. E.I. DuPont de Nemours & Co.</u>, 863 F.2d 1162, 1167 (4th Cir. 1988).
**4** <u>See Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-49 (1986).
**5** <u>See Anderson</u>, 477 U.S. at 251-52.
**6** <u>See</u> FED. R. C IV. P. 56(e).

required by law to disclose to the IRS information relating to the financial institution's payment of interest and receipt of mortgage interest.**7** In their response to the Government's motion for summary judgment, the Peddies do not refute the Government's claim that § 3413(d) exempts the request from the notice and procedure requirements of the RFPA. More importantly, the district court does not address why the Peddies prevail under § 3413(d). Therefore, the record on appeal is insufficient for a proper review of the district court's decision.

Accordingly, we vacate the district court's order granting summary judgment and awarding damages to the Peddies, and we remand the case to the district court for consideration of the Government's argument that § 3413(d) exempted its requests from the protections afforded to a taxpayer by the RFPA. Additionally, we deny the Peddies' motion to be reimbursed for expenses related to this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

**7** **See** 26 U.S.C. §§ 6049(a), 6050H (1994).

4