[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15091
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cv-80649-RLR

MICHAEL R. PRESLEY,
CYNTHIA PRESLEY,
BMP FAMILY LIMITED PARTNERSHIP,

Petitioners-Appellants,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 15, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

This is the fourth in a series of related appeals stemming from the petitioners' attempts to quash summonses sent to multiple banks by the Internal Revenue Service as part of an examination into the petitioners' federal income tax liabilities. We affirm the dismissal of the petition to quash.

In *Presley v. United States*, 895 F.3d 1284, 1291–95 (11th Cir. 2018) ("*Presley I*"), we rejected the arguments presented by the petitioners and held that (a) the summonses did not violate the Fourth Amendment, and (b) the procedures required by the Internal Revenue Code under 26 U.S.C. § 7609(f) did not apply. In two subsequent appeals—*BMP Family Ltd. P'ship v. United States*, 741 F. App'x 764, 764 (11th Cir. 2018) ("*Presley II*"), and *Presley & Presley, PA v. United States*, No. 18-11847, 2019 WL 449610 at *1 (11th Cir. Feb. 5, 2019) ("*Presley III*")—we concluded that *Presley I* foreclosed the petitioners' arguments to quash the summonses.

In this appeal, the petitioners articulate another version of an argument we rejected in *Presley I*—that the IRS failed to comply with the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3423, in issuing its summonses, and that the RFPA applies based on the Tenth Circuit's opinion in *Neece v. IRS*, 922 F.2d 573, 578 (10th Cir. 1990).[1]

---

[1] In an earlier joint status report, the petitioners conceded that our opinion in *Presley I* rejected most of their arguments but advised that "[t]o preserve their rights, . . . [they] must continue forward" while their petition for a writ of certiorari from the Supreme Court in *Presley I* is still

2

Our opinion in *Presley I* forecloses this contention.  In that opinion, we expressly "rejected the [petitioners'] alternative argument that the [RFPA] prohibited enforcement of the IRS summonses at issue."  *Presley III*, 2019 WL 449610 at *1 (citing *Presley I*, 895 F.3d at 1292).  We reasoned that the RFPA "explicitly provides that nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26."  *Presley I*, 895 F.3d at 1292 (quotation omitted and alteration adopted).  Any attempt to challenge the summonses "under the RFPA" fails as it "would conflict with [*Presley I*], which determined that the 'RFPA did not help' the appellants in that case."  *Presley III*, 2019 WL 449610 at *1 (quoting *Presley I*, 895 F.3d at 1292) (alteration adopted).  Moreover, the petitioners' contention that *Presley I*'s analysis of the RFPA is merely dicta directly contradicts our application of *Presley I* in *Presley III*, 2019 WL 449610 at *1.

The petitioners' reliance on *Neece*, 922 F.2d at 578, is similarly misplaced.  As we noted in *Presley I*, 895 F.3d at 1292–93, the Tenth Circuit's opinion in *Neece*, 922 F.2d at 578, does not alter our analysis.  Unlike the situation in *Neece*, the IRS here met its notice requirements by giving the required notice to the petitioners, who were the only persons "identified in the summons."  26 U.S.C. § 7609(a).  *See also*

---

pending.  D.E. 12 at 2.  Since this appeal was briefed, however, the Supreme Court denied certiorari.  *See Presley v. United States*, No. 18-831, 2019 WL 1318587 (U.S. Mar. 25, 2019).

3

*Presley I*, 895 F.3d at 1295 (quoting *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 317 n.5 (1985)).

We therefore affirm the district court's order of dismissal for the reasons explained in *Presley I*.

**AFFIRMED.**