INSPECTOR GENERAL OF the UNITED STATES DEPARTMENT OF AGRICULTURE, Petitioner,

v.

**GREAT LAKES BANCORP, Respondent.**

No. 93–CV–10149–BC.

United States District Court, E.D. Michigan, N.D.

June 29, 1993.

Michael J. Hluchaniuk, Asst. U.S. Atty., Bay City, MI, Katherine R. Shanabrook, Chief Counsel to the Inspector Gen., Office of Legal Counsel, USDA–OIG, Washington, DC, for petitioner.

Gregory L. McClelland, Lansing, MI, for respondent.

*MEMORANDUM OPINION AND ORDER*

CLELAND, District Judge.

## I. INTRODUCTION

This case is before the Court on the Office of the Inspector General's Petition for Sum-

mary Enforcement of Administrative Subpoenas 2736 and 2737 and Respondent Great Lakes Bancorp's Response thereto,

For the reasons stated herein,

IT IS ORDERED that the Petition for Summary Enforcement of Subpoena 2736 is DENIED, and

IT IS FURTHER ORDERED that the Petition for Summary Enforcement of Subpoena 2737 is DENIED in part and GRANTED in part.

## II. BACKGROUND

On January 7, 1993, Great Lakes Bancorp (the "Bank") was served by the Office of Inspector General ("OIG") with subpoenas *duces tecum* numbered 2736 and 2737. See Response to Petition Exhibits A and B. Subpoena 2736 requests certain account identifier information (e.g. names and addresses of account holders) on all accounts, "which have as signatories or carry signatures of" Kenneth C. Fowler and Thomas William Breakey. Subpoena 2737, on the other hand, directs the Bank to produce "all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence relating to financial accounts of Management Resources Development, Inc., ... including all limited partnership accounts" (during oral argument, held April 26, 1993, Petitioner agreed to initially limit the scope of this subpoena to include only signature cards and monthly statements). Despite lengthy efforts, the parties were unable to resolve these issues amicably. Accordingly, on March 25, 1993, the OIG filed the instant motion, petitioning this Court for an order requiring the Bank to comply with Subpoenas 2736 and 2737. The Bank opposes the Petition on the grounds that it is violative of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq,* ("RFPA").

## III. DISCUSSION

### A. SUBPOENA 2736

■ In its Petition the OIG maintains that, because subpoena 2736 requests only "account identifying information," it is excepted from the RFPA's notice and reimbursement provisions.[1] Petition 2. In support of this argument, the OIG relies on section 3413(g) of the RFPA. The OIG argues that subpoena 2736 falls squarely within this exception to the RFPA's notice and reimbursement requirements. The OIG apparently assumed that no analysis was necessary because:

> [A] subpoena for account identifying information (name and address of account holder, type of account, and nature of account) is excepted from all provisions of the RFPA, including the reimbursement provision

Petition 10. Such a recitation of this exception is, if not disingenuous, certainly selective. As correctly stated by Respondent, section 3413(g) states in pertinent part that:

> The notice requirements of this title ... shall not apply when a Government authority ... is seeking only the name, address, account number and type of account of any customer or ascertainable group of customers associated *(1) with a financial transaction or class of financial transactions,* or (2) with a foreign country or subdivision thereof in the case of a Government authority exercising financial controls

1. 12 U.S.C. § 3402 provides that, "... no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and—
   (2) such financial records are disclosed in response to an administrative subpena (sic) or summons which meets the requirements of section 3405 of this title....

   12 U.S.C. § 3405 provides that a Government authority may obtain financial records under section 3402(2) only if: (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry, and (2) a copy of the subpena or summons has been served upon the customer with a notice which states with reasonable specificity the nature of the law enforcement inquiry and notifies the customer of his/her right to object to the release of the records. See § 3405.

   The RFPA also entitles a financial institution to reimbursement from the Government when records of a "customer" (as defined by the Act) are subpoenaed. See 12 U.S.C. § 3415.

over foreign accounts in the United States....

12 U.S.C. § 3413(g) (emphasis added).

This Court is aware of only one case, *In re Request for Assistance From Ministry of Legal Affairs of Trinidad & Tobago,* 648 F.Supp. 464, 465 n. 1 (S.D.Fla.1986), that deals with § 3413(g). This case was cited by Petitioner for the proposition that "a request for records based on a specific account holder sufficiently identifies records associated with a class of financial transactions for purposes of exception 3413(g)." Reply 5–6. As stated by Respondent, however, "[t]his case fails to support the proposition for which it is offered." Supplemental Response 10. In *In re Request,* the only record subpoenaed from the respondent bank was a request for the name and last known address associated with a designated account number. The court determined that such a request "... is specifically excluded from the provisions of the RFPA." In the instant case, subpoena 2736 requires the Bank to produce account identifier information on every account that either Kenneth Fowler or Thomas Breakey maintain with it. Subpoena 2736.

Because a paucity of case law exists on § 3413(g) of the RFPA, it is appropriate to consider that section's legislative history. *Funbus Systems v. California Public Utilities Com.,* 801 F.2d 1120 (9th Cir.1986). The legislative history makes clear that:

[Section 3413(g) ] is intended to allow the government to learn the identity of a customer whose account was involved in what appears to be a suspicious transaction.... The provision would be used in situations where, for example, the agency knows only that a large sum of cash was deposited in the bank ... or that the bank processed a forged check or other instrument. Such transactions would clearly appear to involve violations of law, but in order to investigate further the agency needs to know the name and address of the customer, and the account number and type of account involved. This section would allow that information to be obtained. This is basically the information contained on an account signature card; *it is not the record of a series of financial transactions by a customer, which could only be obtained by following the other procedures of the bill.*

.　　.　　.　　.　　.

H.R.Rep. No. 1383, 95th Cong., 2d Sess. 226 (1978), *reprinted* in 1978 U.S.Code Cong. & Ad.News 9273, 9357 (emphasis added). Petitioner is not attempting to ascertain the name and other account identifier information of a customer associated with a particular "financial transaction or class of financial transactions," as is allowed by § 3413(g). Instead, Petitioner is seeking to ascertain account identifier information on any and all accounts that Kenneth Fowler and Thomas Breakey maintain with Respondent. Such a request, if granted, would transform what was intended to be a one day casting permit into a license for a full-fledged fishing expedition. Accordingly, Petitioner's request for this Court to enforce Subpoena 2736 is DENIED.

## B. SUBPOENA 2737

The RFPA's notice and reimbursement provisions apply to protect the rights of "customers." Under the Act, a "customer" is defined as:

... [A]ny person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary in relation to an account maintained in the person's name

12 U.S.C. § 3401(5). The Act defines "person" as:

... [A]n individual or a partnership of five or fewer individuals

12 U.S.C. § 3401(4). Subpoena 2737 directs the Bank to produce "all information, documents, reports, answers, records, accounts, papers and other data and documentary evidence relating to financial accounts of Management Resources Development, Inc., ... *including all limited partnership accounts.* Subpoena 2737 (emphasis added). At oral argument, Petitioner agreed to limit its initial request to monthly statements and signature cards.

## 1. A LIMITED PARTNERSHIP CAN BE A "PERSON" WITHIN THE MEANING OF THE RFPA

Petitioner maintains that a limited partnership cannot be construed as a "person" under the RFPA, and is thus precluded—in all cases—from asserting the protections that the Act affords to "customers." In support of its argument, Petitioner notes that § 3401(4) explicitly mentions "partnerships" without any reference to "limited partnerships." Supplemental Petition 4. It further contends that the term partnership "generally refers to a *general* partnership." *Id.* (emphasis added). Petitioner maintains that, if Congress had intended to grant *limited* partnerships protection under the Act, "it would have not left limited partnerships out of its definition of a customer." *Id.* at 8.

Petitioner's argument is spurious. A "person" under the Act is plainly defined as "an individual or a partnership of five or fewer individuals." 12 U.S.C. § 3401(4). Petitioner maintains that the omission of the term "limited partnership" from the Act's definition of "person" somehow signifies an intent to *exclude* this category of partnerships from the Act. In support of this argument Petitioner relies on a "plethora of statutes" which, it maintains, "clearly show that when Congress intends to enact legislation that will affect limited partnerships, [it] explicitly refers to 'limited partnerships.'" *Id.* at 8–9 (footnote omitted).

Initially, the Court notes that the statutes relied upon by Petitioner are distinguishable from the construction it proposes that this Court adopt for § 3401(4). In those statutes, Congress delineated "limited partnerships" in an effort to make clear that all types of partnerships, including limited partnerships, were *included* within the meaning of the statute.[2] In the instant case, Petitioner's proposed construction is one of *exclusion*.

More importantly, and in direct conflict with Petitioner's assertion to the contrary, the plain language of the statute evinces an intent to include (rather than exclude) all types of partnerships. The fact that Congress recognizes the distinction between limited partnerships and general partnerships, and yet did not exclude the former from those who are included as "persons" within the Act, signifies an intent to protect *all* "partnerships (whether they are general partnerships, co-partnerships, or limited partnerships) of five or fewer individuals." As Respondent correctly points out, the focus is on the "size" of the partnership, not its ilk. Supplemental Response 14.

Lastly (and again, contrary to Petitioner's assertion otherwise), the term "partnership" is commonly recognized to include both general and limited partnerships. For example, under the Internal Revenue Code the term "partnership" includes limited as well as general partnerships. C.C.H. Reporter § 25,360 Reg. § 1.701–1 (1993).[3]

As Petitioner correctly points out, if a statute is not ambiguous, a court should apply its plain, ordinary meaning. *United States v. McGoff,* 831 F.2d 1071, 1077–78 (D.C.Cir. 1987) (citing *Escondido Mutual Water Co. v. La Jolla Bank of Mission Indians,* 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984)). The Court finds that the plain, ordinary meaning of the word "partnership," as used in the RFPA, includes "limited partnerships." Accordingly, so long as a limited partnership is comprised of "five or fewer individuals," it is a "person" within the meaning of the 12 U.S.C.A. § 3401(4).

## 2. A LIMITED PARTNERSHIP WITH 5 OR FEWER PARTNERS CANNOT BE CONSIDERED A "PERSON" WITHIN THE MEANING OF 12 U.S.C. § 3401(4) IF ONE OF ITS PARTNERS IS A CORPORATION

Petitioner maintains that, even if this Court determines that a limited partnership

---

**2.** For example, in 42 U.S.C.A. § 3936(b) Congress refers in ¶(1) to "partnerships, limited partnerships, joint ventures, and other associations...." In, ¶(2), however, a reference is made to "any such partnership."

**3.** See also *Black's Law Dictionary,* 1121 (6th Ed. 1990), defining limited partnership as "[a] partnership consisting of one or more general partners ... and one or more special partners ...[,]" and *Loft v. Lapidus,* 936 F.2d 633, 636–37 (1st Cir.1991) (referring to a limited partnership as a type of partnership).

can be a "person" (and thus a "customer") within the meaning of the Act, the limited partnerships whose accounts are the subject of subpoena 2737 are not "customers." See Supplemental Petition 10. In support of this contention, Petitioner proffers two arguments: 1) that the limited partnership accounts subject to the subpoena are all controlled by Management Resources Development, Inc., ("MRD"), a corporation, and thus they are not "persons" under the Act, and 2) that because a number of the limited partnerships list a corporation as a general partner, they do not include "five or fewer *individuals*," as is required by the Act.

No authority for this first proposition is cited by Petitioner. Furthermore, in order to adopt such a reading of the statute, this Court would have to disregard its plain language. Petitioner's first argument, that corporate control over a partnership nullifies the partnership's status as a "person" under the Act, is without merit.

█ However, Petitioner's second argument does have merit. 12 U.S.C. § 3401(4) states that a "person" is "an individual or a partnership of five or fewer *individuals*" *Id.* (emphasis added). It is well settled that a corporation is not a "customer"—and therefore not an "individual"—within the meaning of the Act. See *Pittsburgh Nat. Bank v. United States,* 771 F.2d 73, 75 (3d Cir.1985), *Spa Flying Service, Inc. v. United States,* 724 F.2d 95, 96 (8th Cir.1984), see also H.R.Rep. No. 13088, 95th Cong., 2d Sess. 217 (1978), *reprinted* in 1978 U.S.Code Cong. & Ad.News 9273, 9347. If a corporation is not an "individual" within the meaning of the Act, it is axiomatic that a partnership comprised of one or more corporate partners is not a "partnership of five or fewer *individuals.*" In other words, a "partnership" which includes as one of its partners a corporation is, a *fortiori,* not a "person" within the meaning of 12 U.S.C. § 3401(4). This Court so holds.

In the instant case Petitioner has proffered a list from the State of Michigan Department of Commerce, Corporation and Securities Bureau, which indicates that at least eight of the projects subject to subpoena 2737 have a corporation as a general partner. See Supplemental Declaration Wendy C. Milano ¶ 8 (Attachment 1 of Supplemental Petition). Furthermore, the information tendered by Respondent indicates that at least fifteen of the partnerships in question list a corporation as a general partner. See Aff. Ken Fowler (Ex. B of Supplemental Response).

Accordingly, the Petition for Summary Enforcement of Subpoena 2737 is DENIED in part and GRANTED in part. Respondent is not compelled to comply with the Subpoena insofar as it requires it to relinquish information relating to any of its "customers" (i.e. any limited partnership with five or fewer individuals). However, to the extent that Subpoena 2737 requests the Bank to produce signature cards and monthly statements of limited partnerships whose members include one or more corporations (and thus who are not "customers" under the RFPA), Respondent is hereby ordered to comply.[4]

## IV. CONCLUSION

For the aforementioned reasons,

IT IS ORDERED that the OIG's Petition for Summary Enforcement of Subpoena 2736 is DENIED, and

IT IS FURTHER ORDERED that the OIG's Petition for Summary Enforcement of Subpoena 2737 is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

---

4. As mentioned, Petitioner agreed at oral argument to limit the request of subpoena 2737 to include only signature cards and monthly statements.