**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LARRY O. ANDERSON, Lieutenant
Colonel (Retired); ALBERTA
ANDERSON,

        Plaintiffs-Appellants,

v.

LA JUNTA STATE BANK,

        Defendant-Appellee.

No. 96-1352

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 95-WY-3273-CB)

Submitted on the briefs:

Alison Ruttenberg, Denver, Colorado, and Denis H. Mark and William C. Waller,
Jr. of Waller and Mark, P.C., Denver, Colorado, for Plaintiffs-Appellants.

Gregory B. Kanan and Jennifer C. Robinson of Rothgerber, Appel, Powers &
Johnson LLP, Denver, Colorado, for Defendant-Appellee.

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[*]

---

[*]     Honorable Michael Burrage, Chief Judge, United States District
Court for the Eastern District of Oklahoma, sitting by designation.

BURRAGE, District Judge.

_____

Plaintiffs Larry O. Anderson and his wife, Alberta, appeal from an order of the district court granting La Junta State Bank's motion for summary judgment.[1] Plaintiffs brought this action pursuant to 12 U.S.C. §§ 3401-3422, the Right to Financial Privacy Act (RFPA), alleging that the Bank had violated their rights under the Act.

In 1993, the Air Force began an investigation of Mr. Anderson, then an active duty lieutenant colonel in the Air Force, for violations of various provisions of the Uniform Code of Military Justice, including theft of nonappropriated funds. An investigating agent met with the Bank's senior vice president and asked him to produce plaintiffs' bank records. The vice president pulled up the information on his computer screen and, without permitting the investigator to view the screen, informed him that plaintiffs' records contained nothing relevant to the investigation as only Mr. Anderson's military pay check was being deposited into their account. The investigators later subpoenaed plaintiffs' bank records.

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

-2-

Plaintiffs thereafter commenced this action. They initially alleged the Bank had violated the RFPA because plaintiffs were not afforded the opportunity to challenge the subpoenas issued pursuant to the RFPA. However, in their response to the Bank's motion to dismiss or for summary judgment, plaintiffs asserted that the Bank had violated the RFPA when it orally released information in response to the investigator's oral request. The Bank responded to this allegation and the district court addressed the claim in its order. Therefore, plaintiffs' appeal on this issue is properly before the court.[2]

The RFPA was enacted in response to a pattern of government abuse in the area of individual privacy and was intended "to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity by requiring federal agencies to follow" established procedures when seeking a customer's financial records. Neece v. IRS, 922 F.2d 573, 575 (10th Cir. 1990) (quotation omitted). However, "[t]he most salient feature of the [RFPA] is the narrow scope of the entitlements it creates" by limiting the kinds of customers to whom the RFPA applies and the types of records it protects. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 745 (1984). Thus, the RFPA seeks to strike a balance between the customers' right of

---

[2]     Plaintiffs dropped their other claim before the district court and do not argue it on appeal.

privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations.

Under the RFPA, the government[3] may have access to, or obtain copies of, information contained in a customer's financial records from a financial institution only if the customer authorizes the disclosure, the government obtains an administrative or judicial subpoena or summons, or the records are sought pursuant to a search warrant or formal written request. See 12 U.S.C. § 3402. Further, the financial institution may not release the requested financial records until the government "certifies in writing to the financial institution that it has complied with the applicable provisions" of the RFPA, including notice to the customer of the existence of the subpoena, summons, search warrant, or request; the nature of the government's inquiry; and permitting the customer sufficient time to respond to the notice. Id. §§ 3403(b), 3405-08.

The RFPA also restricts disclosure of customers' financial records by financial institutions themselves. Financial institutions may not provide "any Government authority access to or copies of, or the information contained in, the financial records of any customer . . . ." Id. § 3403(a). One exception has been provided: A financial institution may notify a Government authority if it believes

---

[3] The Air Force is not exempt from the requirements of the RFPA. See McDonough v. Widnall, 891 F. Supp. 1439, 1450 (D. Colo. 1995).

-4-

it has "information which may be relevant to a possible violation of a statute or regulation." Id. § 3403(c). In such a case, the financial institution may provide only the customer's name or other identifying information and the nature of the suspected illegal activity. See id.

The issue in this case is one we have not previously addressed. We must determine whether an oral request by a government investigator which is orally responded to, without permitting visual inspection of the customer's records, violates the RFPA, absent compliance by the Government authority with the §§ 3402, 3403 requirements. See Neece v. IRS, 96 F.3d 460, 464 n.1 (10th Cir. 1996).

The district court held, and the bank argues, that such a disclosure does not run afoul of the RFPA. The district court held that our decision in Bailey v. USDA, 59 F.3d 141 (10th Cir. 1995), permitted the Bank to orally disclose the information provided. We disagree.

In Bailey, the bank suspected two of its customers were engaging in questionable banking practices relating to the deposit of food stamps and the immediate withdrawal of a corresponding amount of cash. See id. at 142. The bank notified the government. A government investigator went to the bank and interviewed a bank employee who told the investigator the customers' names and the monetary value of the transactions and showed him a log of the transactions.

We held this disclosure did not violate § 3403(c) as only the "essence of the suspected illegal activity" was revealed by the disclosure. Id. at 143.

The district court held that the disclosure in this case was also valid as the bank revealed even less information than had been revealed in Bailey. However, the issue here is not how much information was provided, but who initiated the contact. The Bank did not suspect plaintiffs of any wrongdoing. Rather, the government initiated the contact based on suspicions arising from information obtained from sources outside of plaintiffs' bank records. We agree with the district court that had the Bank suspected plaintiffs of wrongdoing and initiated contact with the government investigators, the information disclosed would not have violated the RFPA. However, the Bank could not respond to the government's inquiry and release information to the government investigator unless the government had properly complied with the procedures set forth in the RFPA. Cf. Duncan v. Belcher, 813 F.2d 1335, 1339 (4th Cir. 1987) (RFPA does not insulate private accounts from government investigation, but "merely establishes summary procedures for government investigators to follow"). Thus, the Bank violated the RFPA.

The Bank also argues that the RFPA permits oral disclosure of information absent compliance with RFPA procedures. The RFPA prohibits the release of "financial records" unless set procedures are followed. "Financial records" are

defined as "an original of, a copy of, or information known to have been derived from" a customer's bank records. 12 U.S.C. § 3401(2). In Hunt v. SEC, 520 F. Supp. 580 (N. D. Tex. 1981), the court held that the plain meaning of the language of § 3401(2) "clearly includes oral testimony relating to a customer's relationship with a bank or financial institution." Id. at 605. We agree. The oral disclosure here by the Bank related information derived from plaintiffs' bank records and was protected by the RFPA. The RFPA does not require that such information be conveyed in writing before its disclosure can violate a bank customer's right to privacy in his records.

We need not consider whether plaintiffs suffered any damages as a result of the disclosure. If the government or a financial institution violates the RFPA, the customer whose financial records were disclosed is entitled to $100, regardless of the volume of records involved. Id. § 3417(a). Damages may also be awarded in the form of any actual damages sustained as a result of the disclosure and punitive damages if the violation is determined to have been willful or intentional. Id. Further, if the action is successful, costs and reasonable attorney's fees may also be awarded. Id. We leave it for the district court in the first instance to determine whether damages are appropriate here.

The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for further proceedings in accordance with this opinion.